**REN MEI ZHU, a/k/a Ren Mei Zhuo, Petitioner,**

v.

**Eric H. HOLDER, Jr.,\* Respondent.**

**No. 07–4092–ag.**

United States Court of Appeals, Second Circuit.

Aug. 3, 2009.

Steven A. Mundie, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General; Michelle Gorden Latour, Assistant Director; Matt A. Crapo, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: DENNIS JACOBS, Chief Judge, JON O. NEWMAN and PIERRE N. LEVAL, Circuit Judges.

### SUMMARY ORDER

Ren Mei Zhu, a native and citizen of the People's Republic of China ("China"), seeks review of an August 24, 2007 order of the BIA, affirming the July 20, 2004 decision of Immigration Judge ("IJ") Sandy Hom, denying her application for asylum, withholding of removal, and relief under the Convention against Torture ("CAT"). *In Ren Mei Zhu,* No. A077 002

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former

Acting Attorney General Peter D. Keisler as respondent in this case.

353 (B.I.A. Aug. 24, 2007), *aff'g* No. A077 002 353 (Immig. Ct. N.Y. City Jul. 20, 2004). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts and supplements the IJ's decision, we review the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). We review the agency's factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir.2008). We review *de novo* questions of law and the application of law to undisputed fact. *See Salimatou Bah v. Mukasey,* 529 F.3d 99, 110 (2d Cir.2008).

We conclude that the agency reasonably denied Zhu's application for asylum, withholding of removal, and CAT relief, as she fails to demonstrate any error in the BIA's conclusion that the evidence in the record is insufficient to support her claimed fear of sterilization. *See Jian Hui Shao v. Mukasey,* 546 F.3d 138, 156–65 (2d Cir. 2008). While Zhu argues that the BIA erred in failing to consider all the evidence she submitted, we have rejected the notion that the agency must "expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner," *id.* at 169 (internal quotation marks omitted), and "presume that [the agency] has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise," *Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 337 n. 17 (2d Cir.2006). Thus, we find her arguments unavailing.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).